FOR PUBLICATION

```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
    DIVISION OF ST. THOMAS AND ST. JOHN
              APPELLATE DIVISION
```

VALSKA WESSELHOFT,

   Appellant       D.C. Crim. App. No.
                      2005-12

v.

GOVERNMENT OF THE VIRGIN ISLANDS,

   Appellee.

On Appeal from the Superior Court of the Virgin Islands

Considered: April 20, 2007
Filed: November 24, 2008

BEFORE: **CURTIS V. GOMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **FRANCIS D'ERAMO**, Judge of the Virgin Islands Superior Court, Sitting by Designation.

ATTORNEYS:

**Joseph J. Mingolla, Esq.**
St. Thomas, U.S.V.I.
  *Attorney for Appellant.*

**Maureen Phelan, Esq.**
St. Thomas, U.S.V.I.
  *Attorney for Appellee.*

Wesselhoft v. Gov't of the Virgin Islands
Crim. App. No. 2005-12
Bench Memorandum
Page 2

## BENCH MEMORANDUM

**Per curiam.**

On February 27, 2004, Valska Wesselhoft ("Wesselhoft") pled guilty to grand larceny, embezzlement and obtaining money by false pretenses in violation of V.I. CODE ANN. tit. 14, §§ 1083, 1094 and 834. On September 1, 2004, Wesselhoft was sentenced to pay restitution of $5,000.00 and court costs of $75. Wesselhoft was also sentenced to ten years imprisonment. Wesselhoft now appeals on grounds that the Superior Court abused its discretion in entering her sentence; that her sentence amounts to cruel and unusual punishment; and that she suffered from ineffective assistance of counsel.[1]

### I. FACTS

Serendip Condominium Association ("Serendip") employed Wesselhoft. Her duties included preparing checks, including payroll checks for the authorized signatory, Carol Brown ("Brown"). On five different occasions, Wesselhoft left small

---

[1] Wesselhoft's appeal also states that the Superior Court violated her due process rights by refusing to allow her to withdraw her plea. However, there is nothing on the record to indicate that Wesselhoft ever attempted to withdraw her plea. Accordingly, the Court will not consider that issue.

spaces in her own paycheck before presenting it for Brown's signature. After Brown signed her paychecks, Wesselhoft added words and numbers to increase the amount payable on the check. Wesselhoft stole a total of $5,000 before Serendip discovered the forgery.

When Serendip realized Wesselhoft had stolen $5,000, they asked her to repay the stolen money, either in a lump sum or in an agreed payment plan. Serendip told Wesselhoft they would not press charges if she repaid them. Wesselhoft did not return any money. On August 7, 2003, Wesselhoft was arraigned on multiple charges, including grand larceny, embezzlement and obtaining money by false pretenses. Wesselhoft entered a plea of not guilty.

On December 8, 2003, the case was scheduled for jury selection. Wesselhoft did not appear in Court, and her attorney explained that she was in the hospital in St. John with chest pain and an irregular heartbeat.

On January 21, 2004, Wesselhoft moved to change her plea. As part of the plea agreement, the Government agreed to recommend a sentence that included restitution and thirty-days imprisonment. On January 23, 2004, the matter came before the Superior Court for a change of plea hearing. Wesselhoft appeared, but stated that she was not feeling well and needed to

*Wesselhoft v. Gov't of the Virgin Islands*
Crim. App. No. 2005-12
Bench Memorandum
Page 4

go to the hospital. On January 26, 2004, the matter again came before the Superior Court for a change of plea hearing. Wesselhoft did not appear. Her attorney explained that she was in Puerto Rico undergoing surgery to remove one of her lungs.

On January 27, 2004, the Government of the Virgin Islands (the "Government") presented evidence that Wesselhoft was not undergoing surgery in Puerto Rico the day before, but was, in fact, at work in St. John. The matter came before the Superior Court for a third time on February 18, 2004. When Wesselhoft once again failed to appear, the Superior Court issued a warrant for Wesselhoft's arrest.

On February 27, 2004, the matter again came before the Superior Court for a change of plea hearing. This time Wesselhoft appeared. She pled guilty to grand larceny, embezzlement and obtaining money by false pretenses.

Wesselhoft's sentencing was originally scheduled for April 21, 2004. As with Wesselhoft's change of plea, the Superior Court continued this hearing several times. Wesselhoft alleged that she required medical treatment, and that her ailments precluded her from being incarcerated. On multiple occasions, the Superior Court ordered her to produce more complete medical records for an in camera review.

On September 1, 2004, Wesselhoft's sentencing appeared on

the Superior Court's calendar for the eighth time. The Superior Court refused to grant an additional continuance. Wesselhoft attempted to call her husband to the stand to describe her medical treatments, but the Superior Court refused to hear the testimony when he could not show any medical expertise. The Superior Court then found that Wesselhoft had not produced any evidence of a medical condition that would prevent her from serving time in prison.

Wesselhoft requested a recess to confer with her husband. The Superior Court responded, "We're going to go ahead with the sentencing. This is delaying, delaying and delaying." (J.A. 30.) The Superior Court proceeded to sentence Wesselhoft to pay $5,000 in restitution, and $75 in court costs. Wesselhoft was further sentenced to ten years imprisonment on each count. The Superior Court ordered her sentences to run concurrently, but certain days of the week were suspended.[2]

While the Superior Court noted that breaking up Wesselhoft's sentence by days of the week was unorthodox, it expressed concern that Wesselhoft would exasperate prison staff and distract them from their duties by "creating a whole lot of consternation and

---

[2] Specifically, Wesselhoft was sentenced to incarceration on every Monday, Wednesday and Friday for the next ten years. Her sentence on Tuesday, Thursday, Saturday and Sunday was suspended.

*Wesselhoft v. Gov't of the Virgin Islands*
Crim. App. No. 2005-12
Bench Memorandum
Page 6

feigning illness." (J.A. 31). The Superior Court explained that giving Wesselhoft a few days off a week would allow her time to take care of any medical problems, and possibly prevent disruptions in prison.

The Territorial Public Defender represented Wesselhoft through her arraignment, plea and sentencing. After her sentencing, Wesselhoft retained Attorney Stephen A. Brusch ("Attorney Brusch"). Attorney Brusch entered an appearance on November 15, 2004, but he did not file any pleadings on Wesselhoft's behalf. On March 6, 2006, Wesselhoft retained Attorney Joseph J. Mingolla to replace Attorney Brusch as her appellate counsel.

## II. STATEMENT OF JURISDICTION

The Appellate Division has jurisdiction to review final judgments and orders of the Superior Court. *See* 4 V.I.C. § 33; Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a (2006).

Our review of constitutional claims is plenary. *See Nibbs v. Roberts*, 1995 WL 78295, 31 V.I. 196, 204 (D.V.I. App. Div. 1995). In general, the severity of a sentence is not subject to review so long as it falls within the statutory limits. *See Chick v. Gov't of the V.I.*, 941 F. Supp. 49, 50-51 (D.V.I. App. Div. 1996). The standard for reviewing a sentence is abuse of

discretion. *See Gov't of the V.I. v. Grant*, 21 V.I. 20 (D.V.I. App. Div. 1984).

### III. DISCUSSION

#### A. The Sentencing Judge's Discretion

Wesselhoft contends that the sentencing judge abused his discretion by failing to consider Wesselhoft's medical condition when it entered her sentence. When imposing a sentence, "the sentencing judge is authorized if not required, to consider all of the mitigating and aggravating circumstances involved in the crime." *Georges v. Gov't of the V.I.*, 941 F. Supp. 49, 51 (D.V.I. App. Div. 1996). The defendant bears the burden of establishing that her sentence is inappropriate under the circumstances. *See Meyers v. Gov't of the V.I.*, No. 2004-119, 2006 WL 2553470, at *2 (D.V.I. App. Div. August 25, 2006)(citing *Richardson v. Gov't of the V.I.*, 498 F.2d 892, 894 (3d Cir. 1974)).

Wesselhoft's argument is not supported by the record. The trial judge did take into consideration Wesselhoft's medical situation in imposing her sentence. Significantly, the trial judge stated "I'm going to give you a sentence that [has] never before been given that will allow you to take care of your medical problem." (J.A. at 31.)

Wesselhoft further argues that the sentence exceeds that recommended by the Government. However, the Superior Court was

Case: 3:05-cr-00012-CRA   Document #: 62   Filed: 11/24/08   Page 8 of 12

*Wesselhoft v. Gov't of the Virgin Islands*
Crim. App. No. 2005-12
Bench Memorandum
Page 8

not bound to use the plea agreement as a benchmark for sentencing. *See United States v. Rackley*, 175 Fed. Appx. 564, 569 (3d. Cir. 2006)(unpublished)("[T]he prosecution has only the power to make recommendations at sentencing-the ultimate sentence is within the sole discretion of the sentencing judge...."). Indeed, the trial court informed Wesselhoft, at sentencing, that it was not bound to accept the government's recommendation.

Wesselhoft also argues that she was denied her due process rights when the trial judge refused to allow her to speak to her husband before commencing sentencing. A defendant is entitled to counsel at sentencing. *See Gov't of the V.I. v. Petersen*, 19 F. Supp. 2d 430, (D.V.I. 1998) ("The Sixth Amendment entitles a criminal defendant to counsel whose undivided loyalties lie with him."). At a time when it was requested, Wesselhoft was allowed to consult with counsel at sentencing. Under these circumstances, the Court can find no error by the trial judge. Wesselhoft has not cited any authority, nor is the Court aware of any authority, in support of a due process right to speak with one's spouse before sentencing. As such, Wesselhoft's argument is without merit.

## B. Cruel and Unusual Punishment

Wesselhoft further argues that the sentence was excessive given the relatively small amount of money she stole and her

Case: 3:05-cr-00012-CRA Document #: 62 Filed: 11/24/08 Page 9 of 12

*Wesselhoft v. Gov't of the Virgin Islands*
Crim. App. No. 2005-12
Bench Memorandum
Page 9

medical condition. Wesselhoft further argues that her sentence violates the Eighth Amendment's protection from cruel and unusual punishment. She states two reasons: first, she should not be incarcerated in her current medical condition, and second, the sentence is disproportionate to her crime.

To show that her sentence violates the Eighth Amendment by preventing her from receiving necessary medical care, Wesselhoft must show that she has a serious medical need, and that during incarceration she would encounter deliberate indifference to that need. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d. Cir. 2003). Wesselhoft failed to show either of these elements. First, she has made no showing of a serious medical condition. Instead, she relies on appeal, as she did at trial, on vague allegations unsupported by an iota of objectively verifiable evidence. Second, Wesselhoft has done nothing to show that the Superior Court, or the Government, has ignored her medical needs.

In arguing that the sentence is disproportionate, Wesselhoft bears the burden of showing that "the gravity of [her] crime[s] of conviction is so outweighed by the harshness of [her] sentence that we are led to reach an inference of gross disproportionality." *United States v. MacEwan*, 445 F.3d 237, 250 (3d Cir. 2006). In determining proportionality, courts give

*Wesselhoft v. Gov't of the Virgin Islands*
Crim. App. No. 2005-12
Bench Memorandum
Page 10

substantial deference to the legislature, believing that lawmakers have the "clearest and most objective evidence of contemporary values." *Meyers*, 2006 WL 2553470 at *2 (quoting *Atkins v. Virginia*, 538 U.S. 304, 312(2002)). The Court will overturn sentences that fall within statutory limits only under extremely rare circumstances. *See United States v. Smith*, 183 Fed. Appx. 264, 270-271 (3d. Cir. 2006)(not precedential)(upholding a ten-year sentence for minimal participation in a drug conspiracy.).

Each of the three sentences imposed upon Wesselhoft, carries a statutory maximum of ten years. *See* V.I. CODE ANN. tit. 14, §§ 1083, 1094 and 834 (2006). The Superior Court sentenced Wesselhoft to serve a total of approximately four years and four months in prison.[3] That sentence does not exceed statutory guidelines. Thus, the trial judge did not abuse his discretion in imposing Wesselhoft's sentence. *See Georges*, 119 F. Supp. 2d 514, 523 (D.V.I. App. Div. 2000) ("In general, the severity of a

---

[3] Specifically, the trial court sentenced Wesselhoft to ten years on Count One, ten years on Count Seven, and ten years on Count Fourteen, to run concurrently with each other. The trial court fashioned the sentence to require that Wesselhoft be incarcerated three days out of each week. Under this sentencing scheme, Wesselhoft would serve her sentence on Mondays, Wednesdays, and Fridays. Although the trial court sentenced Wesselhoft to ten years, through the unique sentencing structure imposed by the trial court, Wesselhoft would only serve approximately fifty-two months in jail, the remainder of her time having been suspended.

Case: 3:05-cr-00012-CRA   Document #: 62   Filed: 11/24/08   Page 11 of 12

*Wesselhoft v. Gov't of the Virgin Islands*
Crim. App. No. 2005-12
Bench Memorandum
Page 11

sentence is not reviewable so long as it falls within the statutory limits.").

Accordingly, the commitment and judgment of the Superior Court will be affirmed.

## C. Ineffective Assistance of Counsel

Finally, Wesselhoft argues that she has been prejudiced by the ineffective assistance of the Territorial Public Defender and Attorney Brusch. Specifically, Wesselhoft alleges that the Territorial Public Defender failed to adequately establish her medical condition before the sentencing judge, and that she was further prejudiced by Attorney Brusch's failure to take timely action on her appeal. Wesselhoft attempts to raise both arguments for the first time on direct appeal.

Generally, ineffective assistance of counsel claims are pursued in a collateral proceeding, rather than on direct appeal. *See United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir. 1989), *overruled on other grounds by United States v. Price*, 76 F.3d 526, 528 (3d Cir. 1996). On direct appeal, the record before the appellate court is limited to counsel's actions, and often omits counsel's reasons behind the action. *Massaro v. United States*, 538 U.S. 500, 505-506 (2003). As a result, "[t]he appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel ha[d] a sound strategic

*Wesselhoft v. Gov't of the Virgin Islands*
Crim. App. No. 2005-12
Bench Memorandum
Page 12

motive or was taken because the counsel's alternatives were even worse." *Id.* at 506.

As such, Wesselhoft's claim of ineffective assistance of counsel is not properly before the Court.

## IV. CONCLUSION

For the foregoing reasons, the Court will affirm that judgment of the Superior Court. An appropriate order will follow.